UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA JACOBS, *Plaintiff*, v. DR. MARK T. ESPER, Secretary of Defense, *Defendant*. | Civil Action No.22-2532 (JMC) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Dr. Mark T. Esper, in his official capacity as Secretary of Defense, by and through undersigned counsel, hereby answers Plaintiff's Complaint (ECF No. 1). All allegations in the Complaint, including the relief sought, are denied except where specifically admitted. In response to the numbered paragraphs of the Complaint, Defendant avers, objects, and answers as follows:

The first non-enumerated paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, Defendant admits only that Plaintiff purports to bring this lawsuit against the Defense Intelligence Agency (the "Agency"). Defendant denies any remaining allegations in this paragraph.

### JURSDICTION AND VENUE[1]

1. This paragraph consists of conclusions of law concerning jurisdiction to which an answer is not required. To the extent an answer is required, Defendant admits only that the

---

[1] Defendant includes the headings listed in the Complaint solely to assist in reading the pleadings and does not admit the accuracy of these headings.

Court has jurisdiction over properly raised claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. Defendant admits only that Plaintiff's allegations relate to events which purportedly took place in Washington D.C.

3. Admit.

4. Defendant admits only that the Agency is a component of the Department of Defense, employs fifty or more people, and is subject to Title VII.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendant admits only that Plaintiff filed a formal discrimination complaint with the Agency on or about October 30, 2019, and that Plaintiff received a Notice of Right to Sue on or about May 25, 2022. The remainder of this paragraph consists of conclusions of law to which no response is required; to extent a response is required, Defendant denies the remaining allegations in this paragraph.

### FACTS COMMON TO ALL COUNTS

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph.

7. Defendant admits only that Plaintiff began working at the Agency in 2014 as a Police Officer and was promoted to Supervisory Police Officer in 2016. Defendant denies any remaining allegations in this paragraph.

8. Defendant admits only that Plaintiff's duties as a Supervisory Police Officer included supervising and leading a team of officers and ensuring compliance with police uniform standards, as well as managing team assignments and educating team members regarding

compliance with Agency policies.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of her responsibilities, to which no response is required.

9. Defendant admits only that Plaintiff was never placed on a performance improvement plan and was never cited for poor performance.  The remainder of the allegation in this paragraph consist of Plaintiff's characterization of her job performance, to which no response is required.

10. Admit.

11. Admit.

12. Defendant admits only that Plaintiff was told in August 2017 that she would be held back from transitioning to a new position and that Plaintiff subsequently filed complaints with both the Office of the Inspector General and the Equal Opportunity and Diversity Office; Defendant denies that this was done for discriminatory reasons.

13. Admit.

14. Admit.

15. Defendant admits that Plaintiff received a seven day suspension in March 2018.

16. Defendant admits that Defendant's Office of Security instructed an adjudicator to deny Plaintiff access for a contracting position.

17. Defendant admits that Plaintiff's security access was revoked on June 27, 2018.

18. Defendant admits only that Plaintiff filed a complaint with the Office of the Inspector General and that those claims were investigated; Defendant denies the remainder of the allegations in this paragraph.

19. Defendant admits only that Kara Arbogast was accused of wearing an inappropriate uniform during the Police Week function in 2017.  Defendant denies the remainder

of the allegations in this paragraph, and specifically avers that Kara Arbogast received a Letter of Reprimand.

## COUNT I

20. Defendant restates and reincorporates its responses to the preceding paragraphs as though fully restated herein.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. This paragraph consists of Plaintiff's characterization of her own employment and performance, to which no response is required; to the extent a response is required, Defendant denies the allegations in this paragraph.

23. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

24. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

25. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

27. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

The unnumbered "WHEREFORE" paragraph consists of legal conclusions and a request for relief to which no response is required. To the extent a response is required, Defendant

denies the allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II

28. Defendant restates and reincorporates its responses to the preceding paragraphs as though fully restated herein.

29. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

30. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

31. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

32. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

33. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

The unnumbered "WHEREFORE" paragraph consists of legal conclusions and a request for relief to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III

36. Defendant restates and reincorporates its responses to the preceding paragraphs as though fully restated herein.

37. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

38. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

39. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

40. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

41. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

42. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

43. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

45. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

46. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

48. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

49. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

The unnumbered "WHEREFORE" paragraph consists of legal conclusions and a request for relief to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR DAMAGES

The final unnumbered paragraph and subparagraphs consist of Plaintiff's requests for relief and conclusions of law to which an answer is not required. Defendant further specifically denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant denies all allegations not specifically admitted herein. Defendant further denies that Plaintiff is entitled to any recovery pursuant to the claims of the Complaint, or to any recovery whatsoever from Defendant. Defendant further states the following affirmative defenses.

## FIRST DEFENSE

Defendant denies that it has violated Title VII of the Civil Rights Act of 1964, as amended.

**SECOND DEFENSE**

Plaintiff's claim for damages is limited to the extent Plaintiff has failed or refused to mitigate her damages.

**THIRD DEFENSE**

All decisions challenged by Plaintiff in the Complaint were legitimate business judgments, made on the basis of information available to the decision makers and made for legitimate, non-discriminatory reasons. Additionally, all challenged decisions were made in good faith and in conformity with applicable policies.

**FOURTH DEFENSE**

At all times, Plaintiff was treated the same as similarly situated employees outside of her protected classes.

**FIFTH DEFENSE**

Defendants are not liable for any alleged damages caused, in whole or in part, by Plaintiff's own acts and omissions.

**SIXTH DEFENSE**

Plaintiff cannot establish a prima facie case of unlawful discrimination or retaliation.

**SEVENTH DEFENSE**

Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent they were not asserted in the prior administrative proceedings.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the *Egan* doctrine. *See Bland v. Johnson*, 66 F. Supp. 3d 69, 73 (D.D.C. 2014) (holding that "federal courts do not have the authority to adjudicate cases that would require the fact-finder to second-guess the propriety of

an agency's security clearance decisions. This includes Title VII actions when the agency asserts that an adverse employment action resulted from a security clearance decision."), *rev'd on other grounds*, 673 F. App'x 2 (D.C. Cir. March 1, 2016).

## NINTH DEFENSE

Defendant further reserves the right to amend or add affirmative defenses as additional information becomes available to it.

Dated: October 5, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*